WILLIAM GAMMON ET AL. V. SIGEL & COHEN.

Decided May 12, 1906.

**1.—Defective Briefs—Assignments not Considered.**

When assignments of error involving distinct and independent questions are merely copied into the brief and submitted as propositions, with a statement at the foot of each, "See statement of facts, ante," referring to a preliminary statement of the facts in the brief, such assignments will not be considered.

**2.—Rental Contract—Waiver of Forfeiture.**

Where a written rental contract contained a provision for reentry by the landlord in case of default in payment of rent when due, a demand for the rent after default was a waiver of the forfeiture.

Appeal from the District Court of Galveston County. Tried below before Hon. Robert G. Street.

*Maco & Minor Stewart,* for appellants.

*James B. & Charles J. Stubbs,* for appellees.

REESE, ASSOCIATE JUSTICE.—On June 6, 1903, Sigel & Cohen leased from the Tremont & Windsor Hotel Company, for a term of ten years, a piece of ground in the city of Galveston lying between the sea wall and the line of mean high tide. The rental agreed upon was $1,500, payable in ten equal annual payments of $150 in advance, on the 15th of June, 1903, and annually thereafter on the 15th of June of each year during the continuance of the lease. The lease contract was in writing and contained a provision for re-entry upon default in payment of the rent due. This lease was transferred, with the property, by the Tremont & Windsor Hotel Company to William Gammon and George S. Ewalt. The second installment of rent due June 15, 1904, not being paid when due, plaintiffs Gammon and Ewalt instituted this suit on September 4, 1904, to cancel and annul the lease.

The cause was tried without a jury and judgment rendered for defendants from which plaintiffs appeal.

In appellant's brief the twelve assignments of error are submitted as propositions by merely copying the assignments from the record. No attempt is made to present each assignment separately, or to group those which might properly be so treated. The assignments involve several distinct and independent propositions not germaine to each other. There is no attempt to subjoin to each assignment, or to each proper group of assignments, a statement from the record of the matters relied on in support thereof. The assignments are merely copied into the brief with a statement at the foot, "See statement of facts ante," referring to a preliminary statement of the facts in the brief. None of the assignments of error so presented can be considered.

The trial court found that the plaintiff had made demand for the rent after the 15th of June, the date when it was due for the next ensuing year, which was a waiver of the forfeiture. We find no error apparent in the record and the judgment of the trial court is therefore affirmed.

*Affirmed.*

Writ of error refused.